UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PHOENIX LIGHT SF LIMITED, in its own right and
the right of BLUE HERON FUNDING II LTD., BLUE
HERON FUNDING V LTD., BLUE HERON
FUNDING VI LTD., BLUE HERON FUNDING VII
LTD, BLUE HERON FUNDING IX LTD., C-BASS
CBO XIV LTD., C-BASS CBO XVII LTD., KLEROS
PREFERRED FUNDING V PLC, SILVER ELMS CDO
PLC and SILVER ELMS CDO II LIMITED; and each
of BLUE HERON FUNDING II LTD., BLUE HERON
FUNDING V LTD., BLUE HERON FUNDING VI
LTD., BLUE HERON FUNDING VII LTD, BLUE
HERON FUNDING IX LTD., KLEROS PREFERRED
FUNDING V PLC, SILVER ELMS CDO PLC and
SILVER ELMS CDO II LIMITED, in their own right

Plaintiffs,

-against-

WELLS FARGO BANK, N.A.,

Defendant.

------------------------------------------------------------x

Index No. 1:14-cv-10102-RMB

Hon. Richard M. Berman

**[PROPOSED] CASE
MANGEMENT PLAN**

The following Case Management Plan (the "Plan") is entered after consultation with the parties. This Plan is also a Rule 16 and Rule 26(f) scheduling order as required by the Federal Rules of Civil Procedure.

(i) **Joinder of Additional Parties:** The parties respectfully submit that the parties should confer after the Court rules on Defendant's anticipated motion to dismiss to propose a deadline to join additional parties to this lawsuit.

(ii) **Amend the Pleadings By:** Plaintiffs plan to amend their complaint. The parties have conferred on this issue, and have agreed, subject to the Court's approval, that Plaintiffs' amended complaint shall be filed thirty (30) days from the entry of this Order.

(iii) **All Discovery to be Expeditiously Completed By:**

a. *Plaintiffs' Position:* There are no special circumstances in this case that would render initial disclosures inappropriate. Plaintiffs request that the parties exchange initial disclosures on March 5, 2015. Plaintiffs further request that at or before the time for initial disclosures, the Trustee produce the following documents for each Covered Trust: the original and any supplemental mortgage loan schedules, any final certifications and related exception reports, all centrally located files associated with each trusts (including hardcopy deal and correspondence files and electronic files stored on shared drives), final loan tapes (including supporting loan group data), and all underwriting guidelines and loan files in their possession, custody, or control, which pertain to the Covered Trusts.

Plaintiffs contemplate discovery relating to a number of issues, including:

- The Trustee's policies and procedures concerning its trusteeship of the Covered Trusts.

- The Trustee's actions concerning the Covered Trusts that are part of the Complaint, including, for example: the Trustee's communications concerning the Covered Trusts; The Trustee's receipt and review of mortgage files; the Trustee's knowledge of defaults and other issues within the Covered Trusts; the Trustee's action or failure to take action concerning any defective loans or defaults with the Covered Trusts; the Trustee's interaction with the master servicers, servicers, custodians, and securities administrators for the Covered Trusts.

- The Trustee's compliance with its contractual obligations under the governing agreements, including its collection and review of loan files.

- The actions of the sponsors and originators connected to the Covered Trusts, and the widespread breaches of representations and warranties in the Covered Trusts.

- The losses that Plaintiffs suffered.

b. *Defendant's Position:* Plaintiffs have acknowledged their intention to amend their complaint. Further, the causes of action in Plaintiffs' currently

2

operative Complaint should be dismissed. First, pursuant to recent Second Circuit authority, the Trust Indenture Act of 1939 ("TIA") does not apply to PSA-governed trusts. *Ret. Bd. of the Policemen's Annuity & Benefit Fund v. BNYM*, __ F.3d. __, 2014 WL 7272269, at *8 (2d Cir. Dec. 23, 2014). Thus, Plaintiffs' TIA cause of action should be dismissed with respect to 11 of the 12 trusts at issue. Plaintiffs' TIA claims with respect to the other trust should also be dismissed because the Complaint fails, among other things, to adequately allege defaults triggering Defendant's duties under the TIA. Second, Plaintiffs fail to adequately allege a claim for breach of contract. Among other things, Plaintiffs' allegations are too generic to meet the pleading standard, Plaintiffs' claims are contradicted by the governing agreements, and Plaintiffs fail to adequately allege that events of default occurred. Third, several of Plaintiffs' breach of contract claims are time-barred. Fourth, Plaintiffs' claim based on purported violations of the Streit Act should be dismissed as a matter of law. Fifth, Plaintiffs' breach of trust claim fails because it fails to allege that Wells Fargo personally benefitted from any of the decisions underlying Plaintiffs' claim. And sixth, Plaintiffs lack standing to sue derivatively because the trusts are not juridical entities with the legal capacity to sue. Accordingly, good cause exists to stay discovery in light of the Plaintiffs' amended complaint and the potential motion to dismiss to be filed by Defendant, which may narrow the scope of the case and potential discovery from Plaintiffs, Defendant and third parties. The parties should have the benefit of proceeding with discovery with full knowledge of the claims at issue before expending resources responding to discovery requests that may seek documents and information that may no longer be relevant to the case. The parties shall confer after completion of the Rule 12 stage to propose to the Court a deadline by which all discovery shall be expeditiously completed.

(iv) **Consent to Proceed Before Magistrate Judge:** The parties do not consent to proceed before a Magistrate Judge.

(v) **Status of Settlement Discussions:** This case is at the early stages and there have been no settlement discussions. The parties and counsel are experienced in complex litigation and private mediation and are open to mediation at the appropriate time.

Sections vi through xi will be set at conference with the Court.

(vi) **Motions:** Plaintiffs do not anticipate filing any motions at this stage of the case. Defendant anticipates filing a motion to dismiss Plaintiffs' Complaint. Defendant also anticipates filing motions to dismiss in connection with the three other related cases pending before this Court. As part of its motion to dismiss the *BlackRock* case, Defendant will argue that the Court should not exercise supplemental jurisdiction over 262 of the 274 trusts at issue in that case. Defendant believes that the jurisdictional issue should be resolved first, so that the Court and the parties know precisely what transactions are before the Court. Subject to the Court's approval, Defendant believes that the briefing on the motions to dismiss should be coordinated. In addition to Plaintiffs, we understand that at least one other plaintiff in the related cases, NCUA Board, intends to amend its complaint in the next 30 days or so. For that reason also, Defendant believes it is most efficient to (i) brief the *BlackRock* jurisdictional issues first and (ii) brief the remainder of the issues on the motion to dismiss as to all cases once the amended complaints are on file and the Court has resolved the extent of its jurisdiction over the *BlackRock* matter. Plaintiffs oppose successive motions to dismiss, particularly because the jurisdictional dispute at issue in the *BlackRock* case is not an issue in this case. To the extent that the

Court determines that coordinated briefing is appropriate, Plaintiffs respectfully suggests that Defendant should assert all of its defenses in a single motion, as required by the Federal Rules of Civil Procedure.[1]

If the Court requests coordinated or joint briefing among all four related cases in connection with all the anticipated motions, then Plaintiff and Defendant will negotiate a comprehensive briefing schedule. To the extent the Court wants a separate motion to dismiss filed for each related case, the Plaintiffs and Defendant have conferred concerning a briefing schedule for Defendant's motion to dismiss, and propose the following schedule: (1) Defendant to file its motion to dismiss forty-five (45) days after Plaintiffs file their amended complaint; (2) Plaintiffs to file their response to Defendant's motion to dismiss thirty days thereafter; (3) Defendant to file its reply twenty-one days thereafter.

(vii) **Oral Argument:** _____

(viii) **Joint Pre-Trial Order to be Submitted by:** _____

(ix) **Final Pre-Trial Conference:** _____

(x) **Trial:** _____

(xi) **Other:** _____

---

[1] Courts in this district have denied successive motions to dismiss following similar requests by trustees in other RMBS litigation. *See, e.g.*, Memo Endorsement *BlackRock Allocation Target Shares, et al. v. US Bank National Association*, Case No. 14-cv-9401 (S.D.N.Y. Jan. 21, 2015) (ECF No. 38); Order, *BlackRock Allocation Target Shares, et al. v. The Bank of New York Mellon et al.*, Case No. 14-cv-9372 (S.D.N.Y. Jan. 26, 2015) (ECF No. 33).

**SO ORDERED:** New York, New York

Dated:_____, 2015

_____
Honorable Richard M. Berman
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2015, I electronically filed and served the foregoing using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                /s/ *John A. Libra*

                John A. Libra
                KOREIN TILLERY LLC
                205 North Michigan Avenue
                Suite 1950
                Chicago, Illinois 60601
                Phone: (312) 641-9760
                Fax: (312) 641-9751
                jlibra@koreintillery.com

                *One of the Attorneys for Plaintiffs*