# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3604
jtambe@JonesDay.com

February 20, 2015

**VIA ECF AND HAND DELIVERY**

Hon. Richard M. Berman
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:     *Phoenix Light SF Ltd. v. Wells Fargo Bank, N.A.*, 14-CV-10102 (S.D.N.Y.)

Dear Judge Berman:

We represent Wells Fargo Bank, N.A., as trustee ("Wells Fargo") in the above-referenced case and we write to set forth the bases for Wells Fargo's anticipated motion to dismiss. The Complaint's theories of liability bear no relation to the provisions of the relevant Agreements, the common law, or Wells Fargo's limited contractually-specified role as trustee for the 12 separate Trusts at issue. Space limitations restrict our ability to detail all of the Complaint's flaws. The nature of those flaws is no secret to Plaintiffs, which already are responding in other actions to motions to dismiss similar complaints. The flaws identified in connection with those other actions are incorporated herein and supplemented as follows:

*First,* Plaintiffs fail to allege a breach of contract or TIA claim based on Wells Fargo's purported failure to (a) notify warrantors and others of breaches of representations and warranties ("R&Ws"), or (b) enforce the Trusts' rights against warrantors. The Complaint is too generic to plausibly plead such claims. Plaintiffs do not allege which originator breached which R&Ws with respect to which Trusts. Plaintiffs also fail to tie several duties Wells Fargo purportedly breached to specific provisions. Further, the Agreements contradict Plaintiffs' claims. For example, (a) Wells Fargo has no duty to enforce R&Ws under many Agreements; (b) other

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Richard M. Berman, U.S.D.J.
February 20, 2015
Page 2

agreements only require Wells Fargo to enforce R&Ws when it has written notice or *actual knowledge* thereof (neither of which has been adequately pled); and (c) all Agreements provide that Wells Fargo has no duty to investigate absent noteholder direction (and three explicitly state that Wells Fargo shall have no duty to "conduct any affirmative investigation as to the occurrence of any condition requiring the repurchase of any Mortgage Loan. . ."). For the Trusts in which Wells Fargo only has a duty to enforce R&W breaches "upon discovery," Plaintiffs fail to adequately allege such discovery. Further, Plaintiffs fail to satisfy conditions precedent, and public documents regarding the bankruptcy of many originators refute many of Plaintiffs' allegations.

In addition, Plaintiffs fail to allege TIA and contract claims predicated on Wells Fargo's purported failure to (a) issue notices of purported servicing-related failures ("EODs"), and (b) take action after EODs occurred. Plaintiffs fail to allege improper servicing of the loans *in the Trusts* or identify provisions setting forth Wells Fargo's purported contractual duties. The Agreements also contradict Plaintiffs' servicing claims. For example, nearly all of the Agreements state that Wells Fargo cannot have knowledge of EODs unless a "Responsible Officer" has actual knowledge thereof or Wells Fargo receives written notice thereof, which Plaintiffs fail to allege. Plaintiffs fail to adequately allege EODs even occurred or Wells Fargo's constructive knowledge, much less actual knowledge, thereof. Further, Plaintiffs fail to allege satisfaction of many conditions precedent and Plaintiffs' "prudent person" theory cannot be reconciled with Plaintiffs' own inaction.

***Second***, Plaintiffs' TIA claims fail as to the 11 PSA Trusts, since the TIA does not apply to non-indenture trusts. ***Third***, Plaintiffs' TIA claim fails as to the one Indenture Trust because Plaintiffs fail to allege a default under or breach of the Indenture, much less an Event of Default as defined in the relevant agreement.

JONES DAY

Hon. Richard M. Berman, U.S.D.J.
February 20, 2015
Page 3

*Fourth*, the Streit Act does not govern trusts that are merely collateralized by a pool of mortgage loans. Nor does it provide any cause of action to Certificateholders holding an equity investment. The Streit Act does not give rise to any private right of action. Even if it did, §§124 and 126 do not impose any statutory duties on a trustee, much less one that Plaintiffs adequately allege was breached. *See supra*. *Fifth*, Plaintiffs' negligence, gross negligence, negligent misrepresentation, and fiduciary duty claims are impermissibly duplicative of their contract claim and the negligence claims are barred by the economic loss rule. The negligent misrepresentation claim fails because the requisite "special relationship" cannot be alleged, nor are there particularized allegations regarding the alleged misrepresentations. Plaintiffs also fail to adequately allege a fiduciary duty, or a breach. Claims based on alleged conflicts of interest fail since no personal benefit to Wells Fargo is alleged, and Law Debenture is separate trustee for three Trusts.

*Sixth*, Plaintiffs lack standing under General Obligations Law § 13-107 and the contemporaneous ownership doctrine, as well as no-action and negating clauses. *Seventh,* Plaintiffs are barred from bringing suit by the underlying CDO indentures, which require that the CDO trustee bring a suit such as this one unless a noteholder has met certain prerequisites that have not been pled here. *Eighth*, Plaintiffs are not entitled to consequential damages and also fail to allege damages to the tranches they hold (so as to have standing) or adequately identify whether Plaintiffs contend servicing failures contributed to such damages. *Ninth*, many claims are time-barred under applicable statutes of limitation, including those of Germany.

Accordingly, for the foregoing reasons, the complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/  Jayant W. Tambe

Jayant W. Tambe