**WOLLMUTH MAHER & DEUTSCH LLP**

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

February 27, 2015

**VIA ECF AND HAND DELIVERY**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

    Re:    *Phoenix Light SF Ltd., et al. v. Wells Fargo Bank, N.A.*, 14-CV-10102 (S.D.N.Y.)

Dear Judge Berman:

    We write in response to Wells Fargo's February 20, 2015 pre-motion letter (Dkt. No. 21).

    Plaintiffs' claims in this action center on the failure of Wells Fargo to discharge its essential duties as trustee for 12 residential mortgage-backed securities ("RMBS") trusts (the "Trusts"). As trustee, Wells Fargo served as the sole gatekeeper for the Trusts, and investors such as Plaintiffs depended upon Wells Fargo to protect their contractual and other legal rights. Among other duties, Wells Fargo was obligated to (i) confirm that complete mortgage files, which are necessary to prove ownership of the loans and secure to investors the value of mortgage collateral, were delivered to the Trusts, and cause the responsible parties to repurchase or substitute loans for which complete documentation was not delivered, (ii) provide notice of defaults and Events of Default under the governing agreements, and enforce breaches of representations and warranties regarding the quality of the mortgage loans, (iii) act as a prudent person would act upon the occurrence of such defaults or Events of Default, (iv) provide accurate certifications and reports to certificateholders as required by applicable federal regulations and the governing agreements, and (v) remedy known servicing violations. As has come to light in the aftermath of the Financial Crisis, Wells Fargo abdicated its duties and failed to protect the Trusts, causing Plaintiffs to suffer several hundred millions of dollars of losses on their investments in the RMBS at issue.

In light of the detailed allegations of the Complaint, the purported flaws identified in Wells Fargo's letter have no merit and do not warrant dismissal.

***First,*** the Complaint contains detailed allegations concerning Wells Fargo's duties under the governing agreements for each Trust, and the factual information pertaining to each Trust that explicitly and plausibly allege that Wells Fargo breached those duties. Wells Fargo's proposed motion is premised on the faulty assumption that in order to plead a claim here, Plaintiffs would need to obtain evidence pertaining to specific loans underlying each Trust. Wells Fargo is wrong, and its argument has been soundly rejected by courts in this Circuit. *See*, *e.g.*, *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 122 (2d Cir. 2013); *Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of Am.*, *NA*, 943 F. Supp. 2d 428, 442 (S.D.N.Y. 2013). In addition, the Complaint alleges that Wells Fargo knew that there were many representation and warranty breaches as to the loans held by the Trusts, and that there were widespread failures relating to the servicing of those loans.

***Second,*** while Plaintiffs do not dispute that the Second Circuit's decision in *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154 (2d Cir. 2014) ("*Policemen's Appeal*") may dispose of TIA claims for trusts utilizing a pooling and servicing agreement rather than an "indenture," that decision is currently subject to a petition for rehearing or rehearing *en banc*. Plaintiffs submit that it would be premature to dismiss those claims at this stage. ***Third,*** Wells Fargo does not dispute that the TIA applies to the RMBS Trust at issue that is an indenture under Delaware law. In support of their TIA claims, Plaintiffs have clearly alleged the requisite defaults under the relevant agreements. ***Fourth,*** Plaintiffs have properly asserted claims under the Streit Act, which provides a private cause of action with respect to RMBS because the RMBS certificates evidence direct investments in the underlying mortgages and are not mere "collateral trusts." *See* BLACK'S LAW DICTIONARY (8th Ed.) ("collateral trust bond: A bond representing a debt secured by the deposit of another security with a trustee."); *see also Policemen's Appeal*, 775 F.3d at 165 (RMBS are direct investments in the underlying loans).

2

*Fifth,* Wells Fargo contends that Plaintiffs' tort claims are duplicative of Plaintiffs' contract claims and do not state a cognizable conflict of interest.  However, Plaintiffs' tort and fiduciary duty claims are predicated on independent and extra-contractual duties to avoid conflicts of interest and to act with due care.  Similarly, the economic loss doctrine does not apply because the legal duty underlying Plaintiffs' tort claims is separate and apart from Plaintiffs' breach of contract claim.

*Sixth,* Wells Fargo does not explain or otherwise provide any support for its contention that Plaintiffs lack standing.  Plaintiffs have invested (and lost) hundreds of millions of dollars on their investments in the RMBS at issue in this case, and therefore have standing to assert all of the Complaint's claims against Wells Fargo.  *Seventh,* Wells Fargo similarly contends that Plaintiffs are barred from bringing suit based on the indentures for the CDOs holding the RMBS at issue.  Wells Fargo offers no support for its position, which is contrary to law and involves issues of fact that cannot be resolved on a motion to dismiss.

*Eighth,* Wells Fargo's assertion that Plaintiffs fail to allege damages is contradicted by the plain language of Plaintiffs' allegations and also should be rejected because it raises issues of fact that cannot be resolved on a motion to dismiss.  *Ninth,* Wells Fargo acknowledges that there is no statute of limitations defense that could resolve this matter.  This is not surprising because Wells Fargo has continued to breach its duties throughout the life of the Trusts and, in any event, claims against trustees are tolled until the trustee openly and unequivocally repudiates its duties or the trusteeship is otherwise terminated.

As noted during the conference on February 11, 2015, while Plaintiffs dispute the bases set forth by Wells Fargo for its proposed motion to dismiss, Plaintiffs intend to file an Amended Complaint to provide additional information relevant to diversity jurisdiction and certain other clarifying additions or modifications.  Accordingly, Wells Fargo's request to dismiss the Complaint "in its entirety and with prejudice" (Wells Fargo Ltr. at 3) is premature under the Court's Individual Practices.

    Respectfully submitted,
    /s/  *David H. Wollmuth*
    David H. Wollmuth

cc:     Counsel of Record