**WOLLMUTH MAHER & DEUTSCH LLP**

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
———
TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

August 17, 2015

**VIA ECF AND HAND DELIVERY**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

    Re:    *Phoenix Light SF Ltd., et al. v. Wells Fargo Bank, N.A.*, 14-CV-10102 (S.D.N.Y.)

Dear Judge Berman:

    We represent Plaintiffs and proposed Intervenor-Plaintiffs, C-BASS CBO XIV Ltd. and C-BASS CBO XVII Ltd. (together, the "C-BASS entities"), in the above-referenced action and write pursuant to Section 2.A of Your Honor's Individual Practices to set forth the bases for their anticipated motion to intervene pursuant to Rule 24.

    Plaintiffs in this action assert that Wells Fargo failed to discharge its duties as trustee for 12 RMBS trusts (the "Trusts") that issued Certificates purchased by Plaintiffs and the C-BASS entities.[1] Plaintiffs commenced this action on December 23, 2014, and filed an Amended Complaint on March 13, 2015, the deadline for amending pleadings under the Case Management Plan. Each Plaintiff filed suit in its own right as a "CDO Issuer" that holds Certificates issued by the Trusts. (Am. Compl. ¶¶ 15, 17-24.) In addition, Phoenix Light brought suit on behalf of the CDO Issuers (which include the eight other Plaintiffs as well as the C-BASS entities) as the Controlling Party and/or Majority noteholder of the notes issued by them. (*Id.* ¶ 16.) The C-BASS entities also hold Certificates issued

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Amended Complaint, dated March 13, 2015 (Dkt. No. 25).

by the Trusts, however, they did not initially join as Plaintiffs in their own right absent an assignment to assert such claims from the Bank of New York Trust Company ("BNYTC"), which serves as their CDO Trustee.

Since the filing of the Amended Complaint, material facts affecting the C-BASS entities' decision to participate in this case have changed:  First, on May 18, 2015, Judge Forrest held that the right to assert claims in a similar case brought against U.S. Bank belonged to the CDO Trustees and that Plaintiffs were required to plead demand or demand futility to assert claims held by the CDO Trustees. *Phoenix Light SF Ltd. v. U.S. Bank Nat. Ass'n*, No. 14-CV-10116 KBF, 2015 WL 2359358, at *2-3 (S.D.N.Y. May 18, 2015).  Second, on June 19, 2015, in response to Judge Forrest's ruling, BNYTC, as the trustee for the C-BASS entities, assigned to the C-BASS entities all rights that it may have to assert claims on behalf of these entities.[2]  Third, the C-BASS entities have decided to join this action and retained the undersigned firm as counsel.  Accordingly, the C-BASS entities respectfully seek leave to intervene in this action for the purposes of asserting claims against Wells Fargo.

Rule 24(a) provides that a party may intervene as of right on a timely motion if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest."  In the alternative, Rule 24(b)(1) allows for permissive intervention on a timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  The principal guide in deciding whether to grant permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Rule 24(b)(3).

---

[2] In addition, Plaintiffs have also received similar assignments from the CDO Trustees.

Here, the anticipated motion to intervene satisfies the requirements for both intervention as of right and for permissive intervention. The C-BASS entities hold Certificates in the same Trusts that are already at issue here, and will assert the same claims that Plaintiffs have brought based on identical legal and factual allegations supporting the many failures and breaches by Wells Fargo as trustee. Intervention will result in no tangible delay or prejudice to the adjudication of this case as the C-BASS entities' claims have already been asserted in this case by Phoenix Light, the controlling noteholder of the C-BASS entities. The C-BASS entities further agree that they will be subject to any decision by the Court in connection with Wells Fargo's previously filed motion to dismiss Plaintiffs' claims. And the C-BASS entities are represented by the same counsel as the other Plaintiffs and will adhere to the same discovery deadlines and case management schedules set forth by the Court or agreed upon by the parties.

Defendant Wells Fargo will not oppose the motion and it reserves its right to challenge (i) the merits and legal sufficiency of the claims asserted by the C-BASS entities, (ii) the standing of the C-BASS entities to assert the claims, and (iii) whether the C-BASS entities' claims relate back to the claims asserted by the current plaintiffs in the initial complaint.

Accordingly, for the foregoing reasons, the C-BASS entities should be allowed in intervene.

>Respectfully submitted,

>\_/s/ Steven S. Fitzgerald_____
>Steven S. Fitzgerald

cc: Counsel of Record (via ECF)