KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 14, 2017

March 14, 2017



**VIA ECF**
Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    *Coordinated RMBS Trustee Actions Against Wells Fargo Bank, N.A.*,
            Case Nos. 14-cv-9371; 14-cv-9764; 14-cv-10067; 14-cv-10102; 15-cv-10033

Dear Judge Failla:

      On behalf of all Plaintiffs in the above-referenced actions, I write respectfully to request a 14-day extension to submit objections to the Opinion and Order issued on March 10, 2017 by the Honorable Sarah Netburn, United States Magistrate Judge.  *See* Opinion and Order, ECF No. 263, No. 14-cv-10067 (March 10, 2017) ("Opinion") (concluding that Plaintiffs may not "re-underwrite a sampling of loans for the purpose of proving Wells Fargo's liability or damages beyond the loans in the sample").[1]  Pursuant to Federal Rule of Civil Procedure 72(a)-(b), the current deadline for Plaintiffs' objections is March 24.  Plaintiffs' new proposed deadline would be April 7, 2017.  This is Plaintiffs' first request for an extension of time.  Defendant Wells Fargo Bank, N.A. consents to a one-week extension only, on condition that Wells Fargo receive three weeks to file its response.

      There is good cause for the extension.  Although this Court referred these actions to Magistrate Judge Netburn "for the purpose of managing discovery," ECF No. 53 (Sept. 17, 2015), the Opinion (at 20) holds dispositively that Plaintiffs may *not* "re-underwrite a sampling of loans for the purpose of proving Wells Fargo's liability or damages beyond the loans in the sample."  To support that conclusion, the Opinion makes a number of merits-based decisions, including that case law and/or the governing trust agreements (1) preclude Plaintiffs from proving their case based on expert sampling and extrapolation of the results to the loan pools at issue, (2) require that the term "discovery" be construed in the agreements to have precisely the same meaning as a different term providing for "actual knowledge," and (3) provide that the

---

[1] *See also* Order, ECF No. 253 (Feb. 24, 2017) (bottom-line order stating that the Opinion would follow), Order, ECF No. 258 (Mar. 6, 2017) (objections to be due 14 days after issuance of the Opinion).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Honorable Katherine Polk Failla, U.S.D.J.
March 14, 2017
Page 2

trustee had no duty to investigate even when presented with substantial evidence that numerous loans breached the representations and warranties made by the entities that sold the loans to the trusts, and even if the trustee had actual knowledge of an Event of Default and thus had to act as a prudent person under the governing agreements.

As Plaintiffs will explain in their objections, these rulings exceed the scope of Magistrate Judge Netburn's reference and authority. Although the Opinion provides (at 8) that, "at summary judgment or trial, conclusions of law set forth in this opinion should not be deemed to have law-of-the-case effect," the practical effect is dispositive because the Opinion affirmatively prevents Plaintiffs from developing and presenting their evidentiary and expert cases at summary judgment. In addition, the Opinion contravenes controlling case law, misconstrues the governing trust agreements, weighs evidence, and resolves disputed questions of material fact before both the completion of fact discovery and summary judgment.

Due to the myriad dispositive legal and factual rulings made in the Opinion, as well as the significance of these issues, Plaintiffs respectfully request that the Court grant the 14-day extension.[2]

Respectfully submitted,

*/s/ Scott K. Attaway*
Scott K. Attaway
*Counsel for the NCUA Board, as Liquidating Agent*

cc: Counsel of Record (via ECF)

---

[2] Plaintiffs propose that Wells Fargo's response would be due 21 days after Plaintiffs' objection (April 28), and Plaintiffs' reply would be due 14 days thereafter (May 12). Wells Fargo informed Plaintiffs that it does not consent to a reply. Plaintiffs do not understand Your Honor's Individual Rules of Practice In Civil Cases to require consent for reply briefing. *See* Rule 4.B. ("reply memoranda are limited to 10 pages").

Application GRANTED.  Plaintiffs' deadline to file objections is extended to April 7, 2017.  Defendant's response is due on or before April 28, 2017, and Plaintiffs' reply May 5, 2017.

SO ORDERED.

Dated: March 14, 2017
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE