# JONES DAY

500 GRANT STREET, SUITE 4500 • PITTSBURGH, PENNSYLVANIA 15219.2514

TELEPHONE: +1.412.391.3939 • FACSIMILE: +1.412.394.7959

Direct Number: (412) 394-7936
astanton@jonesday.com

June 26, 2017

**VIA ECF**
The Honorable Sarah Netburn
United States District Court
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Phoenix Light SF Limited, et al. v. Wells Fargo Bank, N.A.*,
             Case No. 14-cv-10102-KPF-SN

Dear Judge Netburn:

      We write on behalf of Wells Fargo Bank, N.A. ("Wells Fargo") in response to the Court's June 21 Order [ECF 354] requiring Wells Fargo to set forth its position regarding the Phoenix Light Plaintiffs' ("Plaintiffs") response to Wells Fargo's interrogatory requesting information regarding payments from any source relating to actual or alleged losses in the trusts at issue, including recoveries from settlements or damages from litigation, payments from guarantors, and sales (the "Interrogatory"). [1]

### *Plaintiffs Agreed to Respond to the Interrogatory*

      The Interrogatory at issue was propounded by Wells Fargo as a compromise in exchange for eliminating a proposed Rule 30(b)(6) deposition topic on the same topic. Now, Plaintiffs refuse to answer the interrogatory they specifically asked Wells Fargo to propound. *See* Ex. A at 1 ("During the parties' March 23, 2017 meet and confer …Wells Fargo agreed to consider rewriting [certain] topics … of Wells Fargo's January 23, 2017 Notice … [a]nd, Wells Fargo did, in fact, rewrite most of those topics … and converted one topic to an interrogatory").

      Instead of answering the Interrogatory they asked for, Plaintiffs' response consisted of listing three case captions for which Plaintiffs had entered into settlements with respect to three of the trusts at issue in this Action without disclosing the amounts or terms of the settlements, on the basis that "the terms and conditions of such settlement are confidential and may not be disclosed absent court order or written consent from third parties." *See* Ex. B at 7. Plaintiffs' response also includes a cryptic objection to providing information "concerning payments or recoveries relating to actual or alleged losses in the Covered Trusts from any settlement or proceeding in which Plaintiffs have not been involved as a party." *Id.* Finally, Plaintiffs

---

[1] Set forth as Interrogatory 10 in Category 3 of Exhibit A to Wells Fargo's June 12, 2017 letter to the Court [ECF 353].

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Sarah Netburn
June 26, 2017
Page 2

improperly relied on the collateral source doctrine as a basis to object to Wells Fargo's discovery request, though Plaintiffs have now withdrawn that argument. *See* Plaintiffs' June 13, 2017 Letter to Court at 3 [ECF 276] ("Plaintiffs have not withheld responsive information under the collateral source doctrine."). Plaintiffs' have no valid reason to refuse to disclose recoveries they have obtained on losses for Trusts at issue in this case. Plaintiffs specifically requested that Wells Fargo propound this Interrogatory and Plaintiffs should answer it.

***Plaintiffs Should Be Ordered to Provide the Amounts of Any Payments or Recoveries and Produce the Settlement Agreements Which Are the Subject of Document Requests***

Plaintiffs have refused to disclose amounts that have been recovered on losses to the trusts at issue — the entire point of the Interrogatory. Such recoveries are relevant to Plaintiffs' alleged damages, particularly in light of Plaintiffs' failure to disclose even basic information about those alleged damages or how they intend to measure them.[2]

Plaintiffs state that the terms of the settlements listed in their response are confidential and require court order or consent from third parties. But Plaintiffs do not represent that they have requested such consent. Wells Fargo asked for these settlement agreements two years ago as part of its document requests. *See* Ex. C at Request No. 29. The same or similar settlements have been the subject of discovery disputes in at least one other proceeding against a different RMBS trustee. *See* Ex. D at pp. 3-4. Plaintiffs should not be permitted to avoid disclosure by hiding behind consent to disclosure requirements. Plaintiffs should be ordered to produce this information and the underlying settlement agreements. If such an order from this Court does not satisfy the "court order" prong of the "consent or court order" conditions on disclosure that Plaintiffs contend apply, then Plaintiffs should be ordered to seek consent. Either way, the information should be disclosed.

***Plaintiffs Should Be Ordered to Clarify Whether They Have Received Recoveries on Any Trusts at Issue From Proceedings to Which Plaintiffs Are Not a Party***

Plaintiffs may also be withholding information relating to recoveries from proceedings to which Plaintiffs were not a party. *See* Ex. B at p. 7 (objecting to providing information "concerning payments or recoveries relating to actual or alleged losses in the Covered Trusts from any settlement or proceeding in which Plaintiffs have not been involved as a party"). However, Wells Fargo's Interrogatory did not so limit the information requested. As there is no legitimate basis for Plaintiffs' objection, this Court should order Plaintiffs to disclose all payments received relating to the Trusts at Issue (other than distributions of principal and interest made in the ordinary course), regardless of source.

---

[2] As noted, Plaintiffs have apparently withdrawn their misplaced "collateral source rule" justification for withholding this information, and Plaintiffs have offered no other argument on relevance. Hence, Wells Fargo reserves its right to respond should Plaintiffs contest the relevance of this information based on the collateral source rule or other grounds not previously raised.

Hon. Sarah Netburn
June 26, 2017
Page 3

JONES DAY

                                                              Respectfully submitted,

                                                              */s/  Andrew R. Stanton*
                                                              Andrew R. Stanton

cc:  All Counsel of Record (via ECF)