# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3771
JJurgens@jonesday.com

April 23, 2019

**VIA ECF**
Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re: Motion to Compel Expert Depositions in Wells Fargo RMBS Trustee Actions, Case Nos. 14-cv-10067, 14-cv-10102, and 15-cv-10033

Dear Judge Netburn:

We write on behalf of Wells Fargo Bank, N.A. ("Wells Fargo"), defendant in the above-referenced coordinated actions, to request that the Court issue an order pursuant to Rule 37(a) compelling plaintiffs to make certain of their respective testifying experts available for depositions promptly, and in all events at least 30 days before Wells Fargo is scheduled to serve the relevant expert rebuttal reports.

The parties' dispute is one about the timing of expert depositions, *i.e.*, whether Wells Fargo can start deposing plaintiffs' experts now that it has their opening reports, but before Wells Fargo's experts serve their rebuttal reports. Wells Fargo intends to take pre-rebuttal depositions of certain plaintiffs' experts to narrow issues in advance of finalizing and serving its expert rebuttal reports. In particular, pre-rebuttal depositions will allow Wells Fargo and its experts to clarify ambiguities in plaintiffs' experts' opening reports, understand the basis for various assumptions underpinning those reports, and potentially reduce the scope of what needs to be addressed in the rebuttal reports. Accordingly, Wells Fargo noticed pre-rebuttal depositions of two experts in the NCUA Action, four experts in the Phoenix Light Action and three experts in the Commerzbank Action with the goal of completing those experts' depositions well in advance of having to finalize and serve rebuttal reports. Plaintiffs objected and refused to make their respective experts available for depositions.[1] For the reasons discussed below, the Court should compel the pre-rebuttal expert depositions Wells Fargo seeks, and bring an end to plaintiffs'

---

[1] NCUA flatly refused to make any of its experts available until after all of its experts' reply reports are served. Phoenix Light and Commerzbank raised a similar objection (although they initially agreed to consider making their experts available sooner if Wells Fargo irrevocably waived its right to ever seek to depose the experts again, even if they were to submit improper reply reports that contained entirely new opinions or bases for their prior opinions). The parties met and conferred telephonically and in writing and have been unable to agree on a schedule for several of plaintiffs' experts' depositions.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Sarah Netburn
April 23, 2019
Page 2

attempt to frustrate the taking of expert depositions in accordance with the Federal Rules and the Scheduling Order and Civil Case Management Plan (the "Scheduling Order") [NCUA ECF 425].

Rule 26(b)(4)(A) provides that the deposition of an expert may be taken after that expert provides the "report" required by Rule 26(a)(2)(B). Rule 26(a)(2)(B)(i), in turn, requires opening expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Here, the operative Scheduling Order required plaintiffs' experts to serve their "expert reports as required by Rule 26(a)" (*i.e.*, those "complete statements") months ago. The Scheduling Order does not place any restrictions on when Wells Fargo may begin to take expert depositions; it only provides an end date for expert discovery. Accordingly, with the "reports" contemplated by the Federal Rules now in hand, Wells Fargo is entitled to take plaintiffs' experts' depositions on dates of its choosing. *See* Rule 26(b)(4)(A).

Courts have adopted this straightforward reading and application of Rule 26 to permit pre-rebuttal expert depositions. *See, e.g., DL v. District of Columbia*, 2009 WL 10695021, at *1-2 (D.D.C. Oct. 29, 2018). For good reason. "It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought." *Sandata Tech., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007) (Katz, M.J.). "'By 'locking' the expert witness into what Fed.R.Civ.P. 26(a)(2)(B) calls 'a complete statement of all opinions to be expressed and the basis and reasons therefor,' the opposing party knows exactly what she is facing *and can decide whether to take the deposition of the expert and prepare for cross-examination and rebuttal. . .*'" *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at **5-6 (S.D.N.Y. Dec. 18, 2009), *quoting Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003) (emphasis added).

There are a variety of good reasons for allowing (if not encouraging) parties to take pre-rebuttal depositions. First, a pre-rebuttal deposition can clarify ambiguities and sharpen the issues making for a more responsive and targeted rebuttal report, which should, in turn, reduce the need for any reply report to address misunderstandings. Second, a pre-rebuttal deposition might identify undisclosed reliance materials that should be known in advance of the preparation of a rebuttal report. Third, a pre-rebuttal deposition could moot the need for certain costly rebuttal analyses, if not a rebuttal report altogether. Fourth, pre-rebuttal depositions should streamline rebuttal reports by identifying which rebuttal opinions might be uncontroversial, and therefore require less attention. Fifth, in some actions, pre-rebuttal depositions may help a party identify the proper rebuttal expert. Sixth, pre-rebuttal depositions reduce gamesmanship by,

JONES DAY

Honorable Sarah Netburn
April 23, 2019
Page 3

among other things, preventing parties from submitting improper reply reports, and then claiming "no harm, no foul" since any prejudice can be cured at a future deposition.[2]

Given all of these practical benefits that may come from pre-rebuttal depositions, it should come as no surprise that courts have explicitly recognized the utility of a party deposing its adversary's expert before submitting its own expert rebuttal reports.[3] *See, e.g.*, *Wechsler v. Hunt Health Systems, Ltd.*, 2003 WL 470330, at *6 (S.D.N.Y. Feb. 25, 2003); *DL*, 2009 WL 10695021, at *2; *Brighton Collectibles, Inc. v. Renaissance Group Int'l*, 2008 WL 5500659, at *5 (S.D. Cal. May 13, 2008); *Exo-Pro, Inc. v. Serius Innovative Accessories, Inc.*, 2008 WL 4878513, at *4 (E.D.N.Y. 2008); *Plunk v. Village of Ellwood*, 2009 WL 1444436, at *6 (N.D. Ill. May 20, 2009); *Santaniello ex rel. Quadrini v. Sweet*, No. 3:04CV806 RNC, 2007 WL 214605, at *4 (D. Conn. Jan. 25, 2007); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 2006 WL 3462580, at *1 (N.D. Cal. Nov. 29, 2006).  For example, in *Wechsler*, the court was faced with defendants that sought to justify their failure to serve a timely rebuttal report because their adversary's opening expert report was purportedly incomplete.  The court ultimately ordered the plaintiff's expert to sit for a pre-rebuttal deposition.  In connection with doing so the court acknowledged that it "intend[ed] for defendants to have the opportunity to depose [the expert], and perhaps even have their own expert present at the deposition, with the understanding that defendants *would make their rebuttal report based in part on that discovery*." *Wechsler*, 2003 WL 470330, at *6  (emphasis added).  Notably, the court criticized the defendants for not taking the pre-rebuttal deposition *sooner* since they could have obtained some of the information they argued was omitted from the plaintiff's expert's initial report.  *Id.*

For all of these reasons, the Court should compel pre-rebuttal expert depositions since precluding them would unduly frustrate the rebuttal preparation process as well as the Federal Rules' broader goal of fostering discovery that leads to the "narrowing of issues and elimination of surprise. . . ."  Advisory Committee Notes to the 1970 amendment to Rule 26(b)(4).

---

[2] For these and other reasons, Wells Fargo took pre-rebuttal depositions in the *BlackRock* and *Royal Park* Actions in the context of class certification discovery.

[3] Courts also have recognized that no undue prejudice arises from an expert being deposed before he or she sees a rebuttal to his or her opening report.  *See, e.g.*, *Monopoly Hotel Group, LLC v. Hyatt Hotels Corp.*, 291 F.R.D. 684, 689-90 (N.D. Ga. 2013); *DL*, 2009 WL 10695021, at *2; *Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 55 (D. Kan. 1996) ("The court knows of no rule or principle, however, which precludes depositions of expert witnesses because they have not had the opportunity to review the reports of other experts.").  "For parties who are concerned about producing their expert for a deposition prior to receipt of a rebuttal report, the answer is to obtain a customized case management order.  The parties are free to negotiate and present the Court with an agreed-to proposed scheduling order that clarifies the timing of expert depositions. . . . But absent a case-specific order [addressing the timing issue], there is simply nothing in the default deadlines provided by Rule 26 that entitles a party to receive a rebuttal report before producing its expert for a deposition." *Monopoly Hotel Group*, 291 F.R.D. at 689.

The fact that the operative Scheduling Order contemplates the possibility of "reply reports" should not change the analysis or result. Plaintiffs' (expected) argument to the contrary betrays their fundamental misunderstanding of the purpose and proper scope of reply reports. A reply report is not an opportunity to rehash prior conclusions or provide new analysis that could have (and should have) been included in the court-ordered initial reports containing the "complete statement of opinions" required by Rule 26(a)(2)(B).[4] Rather, a reply report should be permitted solely to address new matters that are raised for the first time in an adversary's experts' rebuttal reports.[5] *See Lidle*, 2009 WL 4907201, at **4-5; *Withrow v. Spears*, 967 F. Supp. 2d 982, 1003 (D. Del. 2013); *see also Sandata Tech.*, 2007 WL 4157163, at *6 ("Put simply, experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions.'"). Thus, delaying plaintiffs' experts' depositions until after reply reports should not serve any useful purpose, much less one that outweighs the benefits of allowing pre-rebuttal depositions. Indeed, given the narrow circumstances under which expert reply reports could conceivably be proper, it is distinctly possible that no reply reports will be served here.

We also anticipate that plaintiffs will argue that the "report" contemplated by Rule 26(b)(4)(A) will not exist until they serve their experts' reply reports. This strained reading of Rule 26(b)(4)(A) cannot be reconciled with Rule 26(a)(2)(B) and the Scheduling Order, which required plaintiffs to serve "a complete statement of all opinions the witness will express and the basis and reasons for them." For plaintiffs' argument to have merit, they would have to admit that they violated the Scheduling Order by not having already served "complete" expert reports.

Finally, the Court should reject plaintiffs' (expected) invitation to condition Wells Fargo's ability to take pre-rebuttal depositions on its waiving any right to ever re-depose an

---

[4] *See Lidle*, 2009 WL 4907201, at **4-5 (discussing difference between rebuttal reports and reply reports; striking most of a "reply" that rehashed prior conclusions and included tests that could have been conducted as part of initial report); *United States v. 9.345 Acres of Land*, 2016 WL 5723665, at *10 (M.D. La. Sept. 30, 2016) (striking expert's second report as untimely "case in chief opinion"); *In Re Graphics Processing Units Antitrust Litigation*, 253 F.R.D. 478, 501 (N.D. Cal. 2008); *see also Sandata Tech.*, 2007 WL 4157163, at * 4-5 (discussing differences between Rule 26(a)(2)(E) supplemental disclosures and reply reports).

[5] It is particularly appropriate to narrowly construe the "reply report" concept included in the Scheduling Order since the Federal Rules do not contemplate expert reply reports or sur-rebuttals. *See Rothenberg v. Standard Ins. Co.*, 2012 WL 2126846, at *2 (D. Col. June 12, 2012) ("Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures."); *D.G. ex rel. G. v. Henry*, 2011 WL 2881461, at *1–2 (N.D. Oka. July 15, 2011) (Rule 26(a)(2) "does not provide authority" for sur-rebuttal reports. Continuously allowing expert rebuttal would create a situation "where there would be no finality to expert reports. . . . Such a system would eviscerate the expert report requirements of Rule 26, would wreak havoc in docket control, and would amount to unlimited expert opinion presentation."); *Houle v. Jubilee Fisheries*, Inc., 2006 WL 27204, at *4 n.2 (W.D. Wash. Jan. 5, 2006) ("the federal rules do not contemplate 'sur-rebuttal' experts without leave of court for good cause shown).

JONES DAY

Honorable Sarah Netburn
April 23, 2019
Page 5

expert – even if good cause might arise down the road.  Such a precondition would be fundamentally unfair.  To be clear, Wells Fargo has no desire, much less the intention, to depose plaintiffs' experts multiple times.  Thus, plaintiffs' concerns about duplicativeness are merely hypothetical, and therefore not ripe for resolution at this stage.  That being said, there are numerous reasons why Wells Fargo could be entitled to take a second deposition of an expert after a pre-rebuttal deposition: (1) plaintiffs could submit an improper "reply" report that introduces new opinions or bases for previous ones; (2) plaintiffs could submit a Rule 26(a)(2)(e) supplemental report after rebuttal reports or replies are served; and (3) plaintiffs could respond to Wells Fargo's experts' reports with a rebuttal report authored by a previously-deposed expert.  All of these hypotheticals would warrant additional depositions.  *See*, *e.g.*, *Davidson v. Apple, Inc.*, 2019 WL 1230438, at * 2 (N.D. Cal. March 15, 2019) ("plaintiffs are correct that Apple was not forced to take [the expert's] deposition after his first expert report, but neither was [the expert] forced to conduct additional testing or change the basis and reasons for his opinions."); *Sandata Tech.*, 2007 WL 4157163, at *6.  So too could a variety of unknowable possibilities that cannot be envisioned at this time such as a change in law.  In almost all of these purely hypothetical scenarios in which Wells Fargo could notice a second deposition, plaintiffs will have opened the door to the second deposition.  Nevertheless, they still will likely resist, and the Court would be able to resolve the dispute at that time based on actual facts and circumstances once the dispute is ripe.  There is simply no need to address the issue now, and certainly no by imposing highly prejudicial preconditions such as the unreasonable irrevocable waiver that Phoenix Light and Commerzbank have previously demanded.

\*       \*       \*

In sum, Wells Fargo has the right to take pre-rebuttal depositions under Rule 26.  Nothing in the Federal Rules, the case law, or the operative Scheduling Order supports plaintiffs' position that their experts' depositions cannot be taken until after rebuttal and reply reports are served.  Thus, the Court should compel plaintiffs to immediately schedule their experts' depositions, including the deposition(s) of Ms. Beckles and Messrs. Bitner, Hunter, Milner, Shev, Snow, and Spencer for dates no later than 30 days before Wells Fargo's rebuttal reports are due.

Respectfully submitted,

/s/ *Jason Jurgens*
Jason Jurgens

cc:     Counsel of record (via ECF)