USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PHOENIX LIGHT SF LTD. et al.,

                                         **Plaintiffs,**        **14-CV-10102 (KPF)(SN)**

                -against-                                        **ORDER**

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

                                         **Defendant.**

-----------------------------------------------------------------X
-----------------------------------------------------------------X

COMMERZBANK A.G.,

                                         **Plaintiff,**        **15-CV-10033 (KPF)(SN)**

                -against-

WELLS FARGO BANK, N.A.,

                                         **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On November 6, 2019, Plaintiffs filed a letter requesting leave to file a motion to preclude Wells Fargo's experts from relying on documents and information obtained in BlackRock et al. v. Wells Fargo Bank, N.A., 14-cv-9371 (the "Blackrock Action"). Phoenix Light ECF No. 492, Commerzbank ECF No. 447. Wells Fargo submitted a letter opposing Plaintiffs' request. Phoenix Light ECF No. 494, Commerzbank ECF No. 449. On November 15, 2019, the parties appeared before me for a telephone conference regarding Plaintiffs' letter. See Phoenix Light ECF No. 493, Commerzbank ECF No. 448.

Preclusion is an extraordinary remedy and one that is not warranted here. Plaintiffs and Defendant are parties to a protective order that includes and anticipates document sharing with other parties including the Blackrock Plaintiffs. See Phoenix Light ECF No. 57, Commerzbank ECF No. 93). Defendants were authorized to rely on documents and deposition testimony from the BlackRock action in preparing expert reports in this case. See id. ¶ 20 (d) (authorizing disclosure of confidential documents to expert witnesses). Plaintiffs did not object when Defendant produced its expert reports relying on Blackrock Action documents in November and December 2018. It was not until months later, at a deposition in October 2019, that Plaintiffs raised issue with Defendant's experts' reliance on these documents. Plaintiffs' request that Defendant's experts now be precluded from relying on the documents produced in the BlackRock Action is DENIED.

The parties are ordered to meet and confer to determine whether an accommodation can be worked out with respect to Plaintiffs' request for additional disclosure of the documents relied upon by Defendant's experts.

**SO ORDERED.**

November 25, 2019
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge